IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>FAWN PATRICIA ANN TADIOS,<br><br>Defendant/Movant. | Cause No. CR 13-51-GF-BMM<br>CV 14-77-GF-BMM<br><br>ORDER DISMISSING § 2255<br>MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

On October 21, 2014, Defendant/Movant Fawn Patricia Ann Tadios filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, along with a 18-page brief in support. Tadios is a federal prisoner proceeding pro se.

Following a jury trial, Tadios was convicted of two counts of theft of tribal funds and one count of theft from a health care facility. On the day after she filed the § 2255 motion, Tadios was sentenced to serve 12 months and one day in prison, to be followed by a two-year term of supervised release. Judgment (Doc. 193) at 2-3. Her time to appeal the criminal judgment will not expire until November 5, 2014.

A § 2255 motion is the equivalent of a petition for writ of habeas corpus. *E.g.*, *United States v. Hayman*, 342 U.S. 205, 210-19 (1952). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339,

1

354 (1994), and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Consequently, district courts do not consider § 2255 motions before a conviction becomes final. *E.g.*, *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); Rule 5, Rules Governing § 2255 Proceedings for the United States District Courts, advisory committee's note (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

This Court, therefore, will not entertain a § 2255 motion unless and until Tadios's direct appeal is exhausted. No action will be taken on any further § 2255 motions submitted by Tadios before her conviction becomes final by the conclusion of all proceedings on appeal, including any petition for writ of *certiorari* to the United States Supreme Court. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). When it is the appropriate time to file a § 2255 motion, Tadios will be required to assert in one motion all claims for relief she wishes the Court to consider. *See generally* 28 U.S.C. §§ 2255(h), 2244(b).

This law is well-settled. A certificate of appealability is not warranted. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Tadios's § 2255 motion (Doc. 196) is DISMISSED as premature. No action will be taken on it.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Tadios files a Notice of Appeal of this Order.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-77-GF-BMM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 23rd day of October, 2014.

/s/ Brian M Morris
Brian M. Morris
United States District Court